IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUZ C. FIGUEROA MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIV. NO.: 17-1026 (ADC/SCC) |

**REPORT AND RECOMMENDATION**

   Plaintiff Luz C. Figueroa Medina moves the court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying her application for disability benefits. Docket No. 1. The presiding Judge referred the matter to the undersigned for a Report and Recommendation.

   After a review of the record and the parties' memoranda, we recommend that the matter be remanded to the Commissioner.

## *STANDARD OF REVIEW*

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be

reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, his residual functional capacity ("RFC") is assessed. 20 C.F.R. § 404.1520(a)(4), (e). Once the RFC is determined, the inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## *BACKGROUND AND PROCEDURAL HISTORY*

Plaintiff made her initial application for disability benefits on November 30, 2011, alleging that her disability began on April 14, 2011. The claim was initially denied, as was the reconsideration, and Plaintiff thereafter requested a hearing. *See* TR. at 303-307.[1] The hearing was held on May 20, 2015.

---

1. I will refer to the Social Security Transcript as "TR." throughout.

The ALJ determined that Plaintiff was not disabled. *See Id.* at 39-64. The appeals council refused to review the ALJ's decision, and she filed this appeal. Docket No. 1.

At step five, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform "light" and "unskilled, simple, repetitive work" with the additional limitation that she "needed to alternate positions between sitting and standing at one-hour intervals during an 8-hour workday." *Id.* at 51. The ALJ then found that while she could no longer perform his past relevant work, there existed work that she could perform; therefore, she was not disabled. *Id.* at 32.

On April 2, 2018, the Commissioner filed a Memorandum in Support of Motion to Remand for Further Proceedings. Docket No. 17. The Commissioner recommends that the case be remanded because the ALJ did not apply the correct legal standards. According to the Memorandum, Plaintiff endorsed the Commissioner's suggestion. *Id*. at pg. 1.

## *ANALYSIS*

Pursuant to 42 U.S.C. § 405(g), the Court has jurisdiction to remand a claim to the Commissioner for further administrative proceedings. The Commissioner proffers that

a remand, as opposed to a reversal, is the proper course of action because the record does not support a finding of disability, but the ALJ did not apply the correct legal standards.

After examining the record and the parties' memoranda, I find that the Commissioner's position is legally sound. First, the Commissioner avers that although the ALJ gave partial weight to the examination results of Dr. Ricardo Diez-Delgado, the doctor's report does not contain an actual medical diagnosis. Second, the Commissioner points out that the ALJ did not properly consider the examination of Dr. Jesús Soto.

I agree with the Commissioner's view. In making an RFC assessment, the ALJ "must consider all relevant evidence in the record, including the opinions and statements by all medical sources." *Hynes v. Barnhart*, 379 F. Supp. 2d 220, 224 (D.N.H. 2004) (citing 20 C.F.R. && 404.1545(a) and 404.1564).

Accordingly, I recommend that the case be remanded, pursuant to 42 U.S.C. § 405(g), with the following instructions:

(i)  That the ALJ analyze the medical evidence, as required under 20 C.F.R. § 404.1527;

(ii)  That the ALJ set a new hearing to receive the testimony of Plaintiff and other pertinent witnesses;

(iii) That the ALJ address the issues specifically mentioned in this Report and Recommendation, and issue a new decision.

## *CONCLUSION*

Because the ALJ did not apply the correct legal standards, I recommend that this case be REMANDED to the Commissioner for further proceedings consistent with this opinion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of April, 2018.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE