# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LUZ C. FIGUEROA MEDINA,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**Civil No. 17-1026 (ADC)**

## OPINION AND ORDER

Currently before the Court is U.S. Magistrate Judge Sylvia Carreño-Coll's Report and Recommendation ("the R&R") recommending that as requested by the Commissioner of Social Security ("the Commissioner"), the case be remanded to the Commissioner for further proceedings. **ECF No. 18**. Objections have not been filed to the R&R.

### I. Procedural History

On January 9, 2017, plaintiff Luz Figueroa Medina ("Figueroa" or "plaintiff") filed a complaint against the Commissioner, requesting judicial review of a final decision denying plaintiff's application for Social Security disability insurance benefits. **ECF No. 1.** In her memorandum of law in support of her complaint, plaintiff asserts, in essence, that the Commissioner's decision "is not based on substantial evidence and therefore not complying with the law. The [Administrative Law Judge] based his decision in an incomplete [Residual

Functional Capacity assessment] and did not properly evaluate the evidence in the record." **ECF No. 14** at 22. Plaintiff requests that the Commissioner's decision be reversed and remanded for the computation of benefits to be awarded to her. *Id*.

On August 2, 2017, the Court referred the case to U.S. Magistrate Judge Sylvia Carreño-Coll for the issuance of a Report and Recommendation ("R&R") or for disposition of the case. **ECF Nos. 11, 12**. On April 2, 2018, the Commissioner filed a Memorandum in Support of Motion to Remand for Further Proceedings. **ECF No. 17**. The Commissioner recommended that the instant case be remanded, because the corresponding Administrative Law Judge (ALJ) had not applied the correct legal standards when adjudicating plaintiff's administrative claim. *Id*. at 1. As averred in the Commissioner's memorandum, the plaintiff endorsed the Commissioner's request for remand. *Id*. at pg. 1.

On April 30, 2018, the Magistrate Judge entered the R&R, recommending "that the case be remanded, pursuant to 42 U.S.C. § 405, "with the following instructions: (i) [t]hat the ALJ analyze the medical evidence, as required under 20 C.F.R. § 404.1527; (ii) [t]hat the ALJ set a new hearing to receive the testimony of Plaintiff and other pertinent witnesses; [and] (iii) [t]hat the ALJ address the issues specifically mentioned in this Report and Recommendation, and issue a new decision." **ECF No. 18** at 6-7. As mentioned above, no objections have been filed to the R&R.

## II. Standard of Review of an Unopposed Report and Recommendation

A district court may refer pending civil actions or proceedings to a magistrate judge for a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); D.P.R. Civ. R. 72(a). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge. 28 U.S.C. §636(b)(1). A party is entitled to a de novo review of "those portions of the report . . . to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)). Absent a proper objection, though, the Court need only satisfy itself that there is no plain error in the Magistrate Judge's findings in order to adopt the same. *López-Mulero v. VélezColón*, 490 F. Supp. 2d 214, 217-218 (D.P.R. 2007); see also Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

## III. Conclusion

After careful consideration of the law, the record, the parties' pleadings and memoranda, and the unopposed R&R, the Court wholly **ADOPTS** U.S. Magistrate Judge findings and recommendations at **ECF No. 18**. Accordingly, the Commissioner's decision in the instant case is hereby **REVERSED and REMANDED** for the following actions by the corresponding ALJ:

(i) analysis of the medical evidence as required under 20 C.F.R. § 404.1527; (ii) scheduling of a new hearing in which the ALJ shall receive the testimony of the plaintiff and other pertinent witnesses; and (iii) issuance of a new decision.

**SO ORDERED.**

At San Juan, Puerto Rico, this 28th day of June, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**